PENDERGAST
*v.*
PERKINS.

</div>

---

## DUKE *v.* ROUTH et al.

An order of seizure and sale cannot be issued on a judgment, rendered in another State against a defendant, who appeared, but did not plead. A judgment so rendered is a judgment by default.

Slaves seized under an order of seizure and sale against an absentee, must bo sold at the seat of justice of the parish, or at some other public place in its vicinity. C. P. 664. Stat. 5 March, 1842, s. 1.

APPEAL from the District Court of Tensas, *Selby*, J. This is an action of revendication, to recover certain slaves in the possession of the defendant *Routh*, and to set aside the order of seizure and sale under which they were sold, and purchased by him. The seizing creditor, the *Bank of Alabama*, was made a party. The judgment upon which the order of seizure issued, was rendered against the plaintiff, *Duke*, in the Circuit Court of Montgomery county, Alabama.

The judgment is as follows : " And it appearing to the court that thirty days' notice of this motion has been given to the defendants, who also appearing by attorney, and saying nothing in bar or preclusion of the same, it is therefore ordered, &c." There was judgment below against the plaintiff, who appealed.

*Montgomery, Stacy* and *Sparrow*, for the appellant. This was a judgment by default, by *nil dicit*. 1 Tidd's Practice, p. 505. 2 Lee's Dictionary, p. 859, 860. It did not, under the article of our Code of Practice, authorise the order of seizure and sale, which, as well as all the proceedings and the sale made under it, are null and void. *Canal Bank* v. *Copland*, 12 La. 224.

DUKE
v.
ROUTH.

The sale was also void for the following reasons : The defendant, *Duke*, was an absentee, and a curator *ad hoc* was appointed to represent him. The slaves were found in the parish of Tensas, in the possession of *Routh*, having been hired to him by *Duke*, and without the consent of *Duke*, or of the curator *ad hoc*, were advertised to be sold, and were sold, on *Routh's* plantation, and not at the seat of justice of the parish. C. P. arts. 664, 665, 666. Acts of 1824, p. 210. *Lawrence, Syndic*, v. *Bowman*, 6 Rob. 21. 17 La. 82. In consequence of the property having been illegally advertised and sold on the plantation of *Routh*, it was sacrificed for half its value. The order of seizure and sale, and all the proceedings, should be annulled and set aside, and the defendant decreed to pay hire for the slaves, since the date of the sheriff's sale, the 2d August, 1845.

*Prentiss* and *Finney*, for the defendant, *Routh*. The judgment in Alabama was not a judgment by default, in the sense of article 747, and was sufficient to authorize executory process. The judgment recites, that the defendant appeared by attorney, and permitted the judgment to be entered against him. This is equivalent to a judgment by confession ; the party was present by attorney, and allowed the judgment to be entered against him. It cannot be contended that a judgment by confession, is not sufficient to sustain executory process. The judgment by default, meant by art. 747, is one of which the party was ignorant at the time of its rendition, and where he did not appear either by himself or attorney. This is manifest from an observation of other articles in regard to judgments by default. Article 310, C. P. says : "If the defendant do not appear either in person or by his advocate, after the delay provided by law, the plaintiff may take a judgment by default against him." Also, art. 311 requires that a judgment by default must show upon the record, that the defendant failed to appear. Art. 312 says : "If the defendant neither appear nor file his answer, a definitive judgment will be given." Now defendant did appear in the judgment, and, not opposing it, it is the same as a judgment by confession.

As to the sale, the only defect that can be set up is, that it took place on *Routh's* plantation, instead of at the parish seat of justice.

A defendant has the privilege of having slaves sold on the plantation where they are employed ; these slaves were in *Routh's* possession. It will be presumed that the sale on the plantation was at the instance of defendant's agent or curator, there being no evidence to the contrary.

*Routh* prays, that if the sale be not sustained, he have judgment against the *Bank of Alabama* and plaintiff, for the amount paid by him with interest, &c. *Elmore* and *W. W. King*, for the Bank of Alabama, defendants.

The judgment of the court was pronounced by

EUSTIS, C. J. This suit is instituted to annul an order of seizure and sale and the sale made under it, and to recover from the defendant *Routh* certain slaves, purchased by him at him at the sheriff's sale.

The order of seizure was granted on a judgment rendered by the Circuit Court of Alabama, for Montgomery county. The defendant appeared, but did not plead ; judgment was taken against him by *nil dicit*. This is a judgment by default. 1 Tidd's Prac. 505. 3 Blackstone's Com. 296. The order of seizure and sale could not legally be granted on a judgment rendered in another State *by default*.

The sale of the slaves was not made at the place required by law ; it was made on the plantation of the defendant, *Routh*. The plaintiff was absent, and only represented by a curator *ad hoc*, appointed for that purpose. The sale ought to have been made at the court-house of the parish, or in some other public place in its vicinity C. P. art. 664. Acts of 1842, p. 210.

There are circumstances which lead us to believe that the debtor was not permitted to have, for the sale of his property, that public competition which the law secured to him.

It is therefore ordered that the judgment appealed from be reversed, that the sheriff's sale be annulled, and that the plaintiff recover from the defendant,

*Routh*, the slaves mentioned in the sheriff's deed of sale annexed to the said plaintiff's petition, tegether with the sum of five hundred dollars per annum, from the 2d day of August, 1845, until said slaves be delivered to said plaintiff; it is further ordered that said defendant, *Routh*, pay the costs of both courts.